UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Sandra Ann Read,

Debtor.
_____________________/

Case No. 8:09-bk-25809-MGW
Chapter 11

# DISCLOSURE STATEMENT

## I. INTRODUCTION

SANDRA ANN READ ("Debtor"), the Debtor in the above styled Chapter 11 case, hereby provides this Disclosure Statement to all of its known creditors in order to fully disclose that information deemed by the Debtor to be material, important, and necessary for its creditors to arrive at a reasonably informed decision in exercising their right to vote for acceptance of the Chapter 11 Plan (hereafter the "Plan").

The United States Bankruptcy Code provides as a general rule, that in order for a Chapter 11 Plan to be accepted, each class of the claims must accept the Plan. A class of creditors whose rights are impaired and altered under the Plan are deemed to have accepted the Plan if two-third (2/3) in dollar amounts and one-half (1/2) in number of those creditors in that class holding allowed claims and who filed ballots vote for the Plan. A class of claims which is not impaired under the Plan is deemed to have accepted the Plan and need not vote.

In the event the Plan is not accepted by at least two-third (2/3) in dollar amount and more than one-half (1/2) in number of the ballots cast in any impaired class, the Debtor, under Section 1129(b) of the Bankruptcy Code, may request the Court to confirm the Plan anyway. The Court in such a case will confirm the Plan if all requirements for confirmation set forth in the Bankruptcy Code, except acceptance by one or more classes of creditors are met and the Court

finds the Plan to be "fair and equitable" to the non-accepting classes. If the Plan is not accepted by all classes, the Debtor may be liquidated under Chapter 7 of the Bankruptcy Code. In that event, the Debtor's assets would be liquidated and distributed to the creditors after the payment of all costs of administration and the payment of priority claims.

The cost of distributing the Plan and this Disclosure Statement, as well as the costs, if any, of soliciting acceptances, will be borne by the Debtor as an Administrative Expense. In addition, the Debtor has retained the services of the Donica Law Firm, P.A., 106 South Tampania Street, Suite 250, Tampa, Florida 33609, in connection with the preparation of the Plan. Payment of fees, however, is contingent upon approval by the Bankruptcy Court after notice is given to all creditors and other interested parties.

**NO REPRESENTATIONS CONCERNING THE DEBTOR (PARTICULARLY AS TO HER FUTURE REAL ESTATE PLANS, VALUE OF PROPERTY, OR THE VALUE OF ANY PROPOSED DSITRIBUTION TO BE MADE UNDER THE PLAN) ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN IS CONTAINED IN THIS DISCLOSURE STATEMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR, WHO IN TURN SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR ACTION AS MAY BE DEEMED APPROPRIATE.**

**THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO AN AUDIT. THE RECORDS KEPT BY THE DEBTOR ARE DEPENDENT UPON**

**ACCOUNTING PERFORMED BY OTHERS. FOR THE FOREGOING REASON, AS WELL AS BECAUSE OF THE GREAT COMPLEXITY OF THE DEBTOR'S FINANCIAL MATTERS, THE DEBTOR IS UNABLE TO WARRANT OR REPRESENT THE INFORMATION CONTAINED HEREIN TO BE WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE.**

## II. DEFINITIONS AND CONSTRUCTION

As more specifically set forth in the Debtor's Plan, this Disclosure Statement adopts and incorporates herein by reference all definitions and construction in the Debtor's Plan. A copy of the Debtor's Plan accompanies this Disclosure Statement.

## III. HISTORY OF THE DEBTOR AND FACTORS PRECIPITATING THE FILING OF THE CHAPTER 11 CASE

The Debtor is an individual who presently resides in Clearwater, Pinellas County, Florida. Debtor owns and operates approximately 47 rental units; primarily single family homes. Most of the properties are in Pinellas County with the exception of one in Pasco County and two in Hernando County. The Debtor owns all of the properties subject to mortgages.

The Debtor owns considerable rental real property as follows:

| Description of Property | Approximate value (per the Appraisal's estimate of Market Value) |
|---|---|
| Single family home located at 1405 28th Street South, Saint Petersburg, Florida | $39,000.00 |
| Single family home located at 1710 43rd Street South, Saint Petersburg, Florida | $23,000.00 |
| Single family home located at 1931 44th Street South, Saint Petersburg, Florida | $20,000.00 |
| Single family home located at 2356 38th Street South, Saint Petersburg, Florida | $16,000.00 |
| Single family home located at 2401 18th Street South, Saint Petersburg, Florida | $22,000.00 |
| Single family home located at 2418 44th Street South, Saint Petersburg, Florida | $22,000.00 |

| | |
|---|---|
| Single family home located at 2425 20th Street South, Saint Petersburg, Florida | $55,000.00 |
| Multi-unit residence located at 2502 6th Street South, Saint Petersburg, Florida | $39,500.00 |
| Single family home located at 2510 44th Street South, Saint Petersburg, Florida | $23,000.00 |
| Single family home located at 2701 18th Avenue South, Saint Petersburg, Florida | $33,000.00 |
| Single family home located at 3037 21st Avenue South, Saint Petersburg, Florida | $26,000.00 |
| Homestead located at 319 Midway Island, Clearwater, Florida | $600,000.00 |
| Single family home located at 3308 Queensboro Avenue, Saint Petersburg, Florida | $26,000.00 |
| Single family home located at 3485 17th Avenue South, Saint Petersburg, Florida | $60,000.00 |
| Single family home located at 3626 13th Avenue South, Saint Petersburg, Florida | $33,000.00 |
| Single family home located at 3634 13th Avenue South, Saint Petersburg, Florida | $33,000.00 |
| Single family home located at 3726 1st Avenue North, Saint Petersburg, Florida | $59,000.00 |
| Multi-unit residence located at 3727 14th Avenue South, Saint Petersburg, Florida | $23,000.00 |
| Single family home located at 3761 21st Avenue South, Saint Petersburg, Florida | $45,000.00 |
| Single family home located at 3912 11th Avenue South, Saint Petersburg, Florida | $20,000.00 |
| Multi-unit residence located at 3936 12th Avenue South, Saint Petersburg, Florida | $25,000.00 |
| Single family home located at 3944 14th Avenue South, Saint Petersburg, Florida | $20,000.00 |
| Single family home located at 4133 15th Avenue South, Saint Petersburg, Florida | $22,000.00 |
| Single family home located at 4401 17th Avenue South, Saint Petersburg, Florida | $47,000.00 |
| Single family home located at 4424 5th Avenue South, Saint Petersburg, Florida | $23,000.00 |
| Single family home located at 4428 10th Avenue South, Saint Petersburg, Florida | $22,000.00 |
| Single family home located at 4511 10th Avenue South, Saint Petersburg, Florida | $19,000.00 |
| Single family home located at 4521 10th Avenue South, Saint Petersburg, Florida | $52,000.00 |
| Single family home located at 4645 Yarmouth Avenue South, Saint Petersburg, Florida | $57,000.00 |

| | |
|---|---|
| Single family home located at 4650 24th Avenue South, Saint Petersburg, Florida | $25,000.00 |
| Single family home located at 4684 25th Avenue South, Saint Petersburg, Florida | $60,000.00 |
| Single family home located at 4694 25th Avenue South, Saint Petersburg, Florida | $60,000.00 |
| Single family home located at 4708 11th Avenue South, Saint Petersburg, Florida | $25,000.00 |
| Single family home located at 4711 11th Avenue South, Saint Petersburg, Florida | $19,000.00 |
| Single family home located at 4728 1st Avenue South, Saint Petersburg, Florida | $57,000.00 |
| Single family home located at 4800 11th Avenue South, Saint Petersburg, Florida | $26,000.00 |
| Single family home located at 4821 9th Avenue South, Saint Petersburg, Florida | $31,000.00 |
| Single family home located at 5106 9th Avenue South, Gulfport, Florida | $39,000.00 |
| Single family home located at 5231 41st Street South, Saint Petersburg, Florida | $172,000.00 |
| Single family home located at 7631 46th Way North, Pinellas Park, Florida | $75,000.00 |
| Single family home located at 925 17th Avenue South, Saint Petersburg, Florida | $24,000.00 |
| Single family home located at 4909 Larkenheath, Spring Hill, Florida | $165,000.00 |
| Single family home located at 14205 Leybourne Way, Spring Hill, Florida | $175,000.00 |
| Single family home located at 12333 Ridgedale Drive, Hudson, Florida | $145,000.00 |
| **Total Real Property** | **$2,602,500.00** |

## IV. FACTORS PRECIPITATING CHAPTER 11 FILING

When the Debtor fell behind with a few mortgages, the foreclosure notices caused tenants to move out and that caused more financial shortfalls resulting in more foreclosures. Debtor is currently faced with multiple foreclosures but believes that the operation can be successfully re-organized if the mortgage holders engage in good faith loan modification negotiations.

## V. POST PETITION EVENTS

Since the filing of the bankruptcy petition, the Debtor filed a Motion to Use Cash

Collateral for the care, maintenance, and preservation of various properties encumbered by a mortgage with the same creditor (Doc. Nos. 37 & 156). The Debtor has continued to receive rents from properties and to rent vacant properties and continues to use cash collateral pursuant to orders of the Court.

## VI. SUMMARY OF PENDING LITIGATION AND CONTROVERSIES

As of the Petition Date, all properties owned by the Debtor, including her homestead property, were subject of a pending mortgage foreclosure proceeding. As of the filing of this Disclosure Statement, the foreclosure proceedings remain on hold pursuant to the bankruptcy stay with the exception of the proceeding by BankUnited relating to the Debtor's homestead. The automatic stay has been lifted to permit BankUnited to proceed only to judgment in the case. Pending in the case is a Motion to Require Parties to Mediate Dispute filed by the Debtor. Pending in this case are various valuation motions and other motions will be filed. The Debtor anticipates objections to the claims of the City of St. Petersburg and may object to others. Additional litigation, not listed as either unknown or not anticipated, and therefore not disclosed or otherwise not specifically identified herein is not a waiver of the Debtor's claims.

## VII. FINANCIAL INFORMATION

A "Liquidation Analysis" is attached hereto as **Exhibit "A"**. A "summary" of each property the Debtor may retain is attached hereto as **Exhibit "B"** and a six-month income projection is attached hereto as **Exhibit "C"**.

## VIII. SUMMARY OF DEBTOR'S PLAN OF REORGANIZATION

2.1 The Plan divides creditors into 40 classes and provides treatment for each class. Holders of allowed administrative claims (Class 1) will be paid on the Effective Date, or in accordance with the terms of any agreement for later payment. Holders of Priority or Secured

Tax Claims and Claims of the City of St. Petersburg (Class 2 & 3) shall be paid in full, including statutory interest or tax certificate in equal monthly payments beginning 90 days from the Confirmation Date with any remaining balance due on or before October 1, 2014. Classes 4 through 39 consist of various secured mortgage claims. As to mortgage holders on non-homestead properties, the Debtor will surrender properties in full satisfaction of the creditor's claim or propose to pay the allowed claim together with interest at 5% per annum amortized over a period of 30 years with a balloon payment due at the end of five years from the Confirmation Date or determination by the Court of the allowed amount of the claim, whichever is later. Additionally, the Debtor shall continue to escrow amounts for property taxes and insurance. The unsecured portion of the claim shall be allowed and treated as a general unsecured claim. For any second mortgages, the Debtor seeks to "strip" the lien of the second mortgage holder and allow the creditor an unsecured claim. As to her homestead property, the Debtor will attempt to mediate a loan modification upon her first mortgage and seeks to "strip" the lien of the second mortgage holder and allow the creditor an unsecured claim. Class 40 consists of general unsecured claims of which shall receive a pro rata distribution from the total amount of $39,256.86 as full satisfaction of their claims.

## IX. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, all executory contracts and unexpired leases that exist between the Debtor and any person or entity shall be deemed rejected as of the Confirmation Date, except for any executory contract or unexpired lease (i) which has been assumed or rejected pursuant to an order of the Bankruptcy Court entered prior to the Confirmation Hearing or, (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed prior to the Confirmation Hearing

Claims arising out of an executory contract or unexpired lease rejected or deemed rejected must be filed with the Bankruptcy Court on or before any date established by the Bankruptcy Court for the filing of such Claims. Any Claims not filed within such applicable time period will be forever barred from assertion against the Debtor.

## X. FUNDING OF THE DEBTOR'S PLAN OR MEANS OF EXECUTION OF THE DEBTOR'S PLAN

Funding of the Chapter 11 Plan will be from the Debtor's income and from the collection of rents. Creditors are urged to review the financial information provided with the Disclosure Statement (together with the financial information provided with any amendment to the Disclosure Statement).

## XI. TAX ANALYSIS

No analysis of the tax consequences of Confirmation of the Plan has been made as of the filing of this Disclosure Statement. Creditors should consult with their own tax expert to determine what, if any, tax consequences may result from confirmation.

## XII. RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction as provided for by the Bankruptcy Code and other applicable law.

## XIII. MISCELLANEOUS

In the event of a conflict between the Debtor's Disclosure Statement and the Debtor's Chapter 11 Plan, the Debtor's Chapter 11 Plan shall control all interpretations.

## XIV. CONCLUSION

The Debtor will continue to manage and control all of her assets until the completion of its Chapter 11 Plan.

**CREDITORS ARE URGED TO READ THE PLAN IN FULL AND TO CONSULT WITH COUNSEL IN ORDER TO FULLY UNDERSTAND THE EFFECTS OF THE DEBTOR'S PLAN.**

Dated this 25th day of May, 2010.

Sandra Ann Read

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Disclosure Statement has been furnished by the Court's CM/ECF system on the 25th day of May, 2010 to **all parties who receive service via the Court's CM/ECF system**.

DONICA LAW FIRM, P.A.
Counsel for Debtor
106 S. Tampania Ave., Suite 250
Tampa, FL 33609
Telephone: (813) 878-9790
Facsimile: (813) 878-9746
E-mail: herb@donicalaw.com

/s/ Herbert R. Donica
Herbert R. Donica, Esq.
Florida Bar No. 841870