UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Sandra Ann Read,

Debtor.
_____________________/

Case No. 8:09-bk-25809-MGW
Chapter 11

**ORDER APPROVING DISCLOSURE STATEMENT**
**AND CONFIRMING DEBTOR'S PLAN AS AMENDED**

THIS CASE came on for hearing on July 21, 2010 (the "**Confirmation Hearing**") to consider confirmation, pursuant to 11 U.S.C. § 1129, of the *Plan of Reorganization* (Doc. No. 289) *and Second Amendment to Chapter 11 Plan of Reorganization* (Doc. No. 433) and approval of the *Disclosure Statement* (Doc. No. 290) filed by the debtor Sandra Ann Read (the "**Debtor**"). Appearances made at the Confirmation Hearing are reflected in the record. At the Confirmation Hearing, the Debtor announced proposed modifications to the Plan to address the objections to confirmation of the Plan filed by John William Irwin ("**Mr. Irwin**") (Doc. No. 420), the John William Irwin IRA (the "**Irwin IRA**") (Doc. No. 420) and Central Mortgage Company ("**Central Mortgage**") (Doc. No. 445) (collectively, the "**Objections**"). All objections to the Plan and or Disclosure Statement have been withdrawn, rendered moot, or are hereby overruled.

In light of those modifications, and after considering: (i) the *Confirmation Affidavit* (Doc. No. 379); (ii) the *Memorandum in Support of Amended Plan and Present Value Analysis of Claim Treatment for Parties Electing Treatment Pursuant to Bankruptcy Code Section 1111(b)*; (Doc. No. 380); (iii) the *Ballot Tabulation* (Docket No. 364); (iii) the Objections; (iv) the Court's record; (v) the arguments and proffers of counsel made at the Confirmation Hearing, and (vi) the fact that based on the announcements made at the Confirmation Hearing and the plan

modifications proposed by the Debtor, the Objections have either been withdrawn or overruled to the extent set forth below, the Court concludes that the Plan (as modified by this Order) has been proposed in good faith and meets all of the requirements for confirmation set forth in Sections 1126 and 1129(a) of the Bankruptcy Code, and makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. This Court has jurisdiction over the Debtor; the Debtor's bankruptcy case; all of the Debtor's properties, contracts, and assets, wherever located; and all claims against the Debtor pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a "core proceeding" pursuant to, without limitation, 28 U.S.C. §157(b)(2)(A), (L) and (O), and this Court has jurisdiction to enter a Final Order with respect to confirmation. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. All capitalized terms used in this Confirmation Order, but not defined herein, shall have the meaning ascribed to such terms in the Plan.

C. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 10, 2009 (the "**Petition Date**").

D. This Court established as the last date that proofs of claim could be filed in this case (the "Claims Bar Date") in its Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors and Deadlines (Doc. No. 5) and confirmed the Claims Bar Date in its *Order Establishing Deadline for Filing Plan and Disclosure Statement* (Doc. No. 24).

E. On March 2, 2010, the Debtor filed a *Motion to Extend Exclusivity and Time for Filing of Plan of Reorganization and Disclosure Statement* (Doc. No. 131), requesting an extension of the exclusivity period and the Plan filing deadline no earlier than 45 days from May 5, 2010. On March 4, 2010, Mr. Irwin and the Irwin IRA filed an objection to the Motion to

Extend (Doc. No. 133) and on April 26, 2010, this Court entered its *Order Granting in Part Debtor's Motion for Extension of Exclusivity and Time for Filing of Plan of Reorganization and Disclosure Statement* (Doc. No. 197) and granting the Debtor's request for an extension of time to file its Plan and extending the time in which the Debtor may file its Plan through May 25, 2010.

F. On May 25, 2009, the Debtor filed with this Court her *Chapter 11 Plan of Reorganization* (Doc. No. ~~298~~ 289) and *Disclosure Statement* (Doc. No. 290) ("**Disclosure Statement**"). On July 19, 2010, the Debtor filed her *Second Amendment to Chapter 11 Plan of Reorganization* (Doc. No. 433) (hereafter the Plan of Reorganization and Second Amendment to Plan shall be known collectively as the "**Plan**").

G. On May 27, 2010, this Court entered its *Order Conditionally Approving Disclosure Statement, Fixing Time to file Objections to the Disclosure statement, Fixing Time to file Applications for Administrative Expenses, Setting Hearing on Confirmation of the Plan, and Setting Deadlines with Respect to Confirmation Hearing* (Doc. No. 293) (the "**Disclosure Statement Order**").

H. In the Disclosure Statement Order, the Court, among other things, fixed: (a) June 22, 2010 as the last date for the filing of Ballots accepting or rejecting the Plan; (b) June 23, 2010 as the last date for the filing of written objections to Confirmation of the Plan; and (c) June 30, 2010, at 1:30 p.m. as the date and time for the Confirmation Hearing.

I. A copy of the Solicitation Package containing the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Ballot was served on all Creditors of the Debtor as shown on the Court's master mailing matrix for this bankruptcy case, and to other parties in interest, in compliance with the Disclosure Statement Order (Doc. No. 303). The Court hereby

expressly finds that (i) timely and proper notice of the Confirmation Hearing (as rescheduled), the time fixed for filing objections to Confirmation, and the time for submitting Ballots on the Plan was provided to all creditors of the Debtor and all parties in interest as required, (ii) such notice was adequate and sufficient to notify all Creditors of the Debtor and all parties in interest of the Confirmation Hearing and the objection and voting deadlines as to the Plan, and (iii) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, including, without limitation, Bankruptcy Rules 2002, 3018, 3019, and 9006, and the Local Rules of this jurisdiction, and otherwise satisfies the requirements of due process. No other or further notice is required.

J. On July 13, 2010, the Court entered its *Order Continuing Consolidated Hearing on Approval of Disclosure Statement and Confirmation of Plan* (Doc. No. 410) continuing the hearing to July 21, 2010 at 1:30 p.m.

L. The Court has reviewed the Disclosure Statement and finds that it provides adequate information and was properly transmitted to the Debtor's Creditors as required under Section 1125 of the Bankruptcy Code.

M. The Debtor has modified her Plan by making announcements at the Confirmation Hearing which are reflected in this Order. Based on those modifications, Mr. Irwin and the Irwin IRA have withdrawn their objection and it is appropriate that the Objection of Central Mortgage be overruled and likewise the Objection by the United States Trustee be overruled.

N. At the Confirmation Hearing, counsel for the Debtor proffered testimony regarding the principal features of the Plan, including the feasibility of the Plan, the means for implementing the Plan, and the treatment of and Distributions to Creditors and Holders of Allowed Administrative Claims and Allowed Priority Claims pursuant to the Plan.

O. With respect to the requirements of 11 U.S.C. § 1129(a) as applicable to the Plan, as modified herein, the Court finds as follows:

1. **The Plan Complies with the Bankruptcy Code (11 U.S.C. § 1129(a)(1).** The Debtor's Plan, including the modifications set forth herein, complies with the applicable provisions of the Bankruptcy Code.

2. **The Debtor Complies with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** The Debtor, as plan proponent, complies with the applicable provisions of the Bankruptcy Code.

3. **The Plan is Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).** The Plan has been proposed in good faith and not by any means forbidden by law.

4. **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).** Any payments made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 case, including all administrative expense claims under Section 503 of the Bankruptcy Code, or in connection with the Plan and incident to the Chapter 11 case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

5. **Directors and Officers (11 U.S.C. § 1129(a)(5)).** The Debtor is an individual and therefore there is no provision for post-confirmation officers.

6. **No Government Regulation of Rates (11 U.S.C. § 1129(a)(6)).** There are no rate charges provided for in the Plan with respect to which a governmental regulatory commission has jurisdiction over the Debtor after Confirmation.

7. **Best Interest Test is Satisfied (11 U.S.C. § 1129(a)(7)).** The Plan is, or has been deemed to have been, duly accepted in accordance with, *inter alia,* Section 1126 of the

Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3019, by all Impaired Classes entitled to vote, or, alternatively, each member of an Impaired Class will receive or retain under the Plan on account of its claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount such member would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

8. **Acceptance and Deemed Acceptance of Second Amended Plan (11 U.S.C. § 1129(a)(8)).** The Plan has been accepted by at least one Class of Impaired Claims (determined without including any acceptance by an Insider holding a Claim of such Class) and the Second Amended Plan does not discriminate unfairly and is fair and equitable with respect to each Impaired Class.

9. **Administrative and Priority Tax Claims and Other Priority Claims (11 U.S.C. § 1129(a)(9)).** The treatment of Administrative Claims and other Priority Claims under the Plan satisfies the requirements of Sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies Section 1129(a)(9)(C) of the Bankruptcy Code.

10. **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).** At least one Class of Claims impaired by the Plan has voted to accept the Plan.

11. **Feasibility (11 U.S.C. § 1129(a)(11)).** Consummation of the Plan is not likely to be followed by any further liquidation or the need for further reorganization of the Debtor.

12. **Payment of Fees (11 U.S.C. § 1129(a)(12)).** The Plan provides for the timely payment of all fees required pursuant to 28 U.S.C. § 1930.

13. **Retiree Benefits (11 U.S.C. § 1129(a)(13)).** The Debtor is not obligated

to provide for any retiree benefits prior to, or after, confirmation of the Plan.

14. **Domestic Support Obligation (11 U.S.C. § 1129(a)(14)).** The Debtor is not obligated to pay any domestic support obligations.

15. **Individual Debtor (11 U.S.C. § 1129(a)(15)).** All objections by any Unsecured Creditor have been withdrawn or overruled and the value to be distributed under the Plan is equal to or exceeds the projected disposable income of the Debtor.

16. **Transfers of Property (11 U.S.C. § 1129(a)(16)).** There are no contemplated transfers of property under the Plan.

P. The principal purpose of the Plan is not the avoidance of taxes or avoidance of the application of Section 5 of the Securities Act of 1933, as required by 11 U.S.C. § 1129(d).

Q. As modified, the Court finds that the Plan and this Confirmation Order are fair, equitable, reasonable and proper, are in the best interests of the Debtor's Estate, and are binding upon all Creditors.

Accordingly, it is

**ORDERED** as follows:

1. The Disclosure Statement, conditionally approved by this Court's Order dated May 27, 2010, is hereby finally APPROVED as containing adequate information as defined in Section 1125 of the Bankruptcy Code.

2. Mr. Irwin and the Irwin IRA's *Amended Objection to Debtor's Disclosure Statement and Confirmation of Plan* (Doc. No. 420) are WITHDRAWN.

3. Central Mortgage's *Objection to Plan and Confirmation* (Doc. No. 445) is hereby OVERRULED.

4. The Debtor's Plan is CONFIRMED, with the modifications ~~which~~ that (MGW) were

announced orally in open court.

5. A post-confirmation status conference is hereby scheduled for **September 22, 2010** at **9:30 a.m.**, before the Honorable Michael G. Williamson, Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida 33602

6. The Debtor shall pay all allowed Administrative Claims in full on the Effective Date or in accordance with the terms of agreement for later payment.

7. The Debtor shall pay in full all allowed Priority/Secured Tax Claims in equal monthly installments, together with interest at the appropriate statutory or tax certificate rate. The first payment shall be due 90 days from the Confirmation Date and shall be due on the like date of all following months with any remaining balance due on or before October 1, 2014. To the extent the Debtor is surrendering a subject property, such claims will not be paid as provided for in this paragraph and the claim may be enforced against the collateral being surrendered.

8. The Debtor shall pay in full any allowed claim of the City of St. Petersburg in full in equal monthly installments with the first installment being due 90 days from the Confirmation Date and shall be due on the like date of all following months with any remaining balance due on or before October 1, 2014.

9. The Debtor shall pay John William Irwin and John William Irwin IRA (collectively "**Creditor Irwin**"), jointly and severally, the amount of $4,500 per month commencing on August 21, 2010 and continuing on the 21st of each month thereafter for a period of 143 months. Any remaining balance shall be due on or before July 21, 2017 (144th month). Creditor Irwin shall retain its mortgage liens pursuant to that certain mortgage dated January 2, 2006 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14852, Page 551 and that certain mortgage dated January 2, 2006 and recorded in the Public Records of

Pinellas County, Florida at O.R. Book 14852, Page 575, and these mortgages shall be non-recourse mortgages respectively. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the subject properties.

10. The Debtor shall pay to Aurora Loan Services, LLC, Account No. xxxxxx0455, the allowed secured claim amount of $202,864.12 in 360 equal monthly installments of $563.52 beginning on the 25th day of August 2010 and continuing on the 25th day of each month thereafter until paid in full, for the property located at 2502/2504 6th Street South, St. Petersburg, Florida. Aurora shall retain its mortgage lien pursuant to that certain mortgage dated July 29, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14552, Page 783, and this mortgage shall be non-recourse. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

11. The Debtor shall pay to Aurora Loan Services, LLC, Account No. xxxxxx9605, the allowed secured claim amount of $122,352.72 in 360 equal monthly installments of $339.87 beginning on the 25th day of August 2010 and continuing on the 25th day of each month thereafter until paid in full, for the property located at 3727 & 3727 1/2 14th Avenue South, St. Petersburg, Florida. Aurora shall retain its mortgage lien pursuant to that certain mortgage dated October 5, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14688, Page 471, and this mortgage shall be non-recourse. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

12. The Debtor shall pay to Aurora Loan Services, LLC, Account No. xxxxxx8235, the allowed secured claim amount of $144,445.16 in 360 equal monthly installments of $401.24

beginning on the 25th day of August 2010 and continuing on the 25th day of each month thereafter until paid in full, for the property located at 2425 20th Street South, St. Petersburg, Florida. Aurora shall retain its mortgage lien pursuant to that certain mortgage dated September 22, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14663, Page 1936, and this mortgage shall be non-recourse. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

13. The Debtor shall pay to Aurora Loan Services, LLC, Account No. xxxxxx8318, the allowed secured claim amount of $114,785.89 in 360 equal monthly installments of $318.85 beginning on the 25th day of August 2010 and continuing on the 25th day of each month thereafter until paid in full, for the property located at 2418 44th Street South, St. Petersburg, Florida. Aurora shall retain its mortgage lien pursuant to that certain mortgage dated September 22, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14663, Page 1988, and this mortgage shall be non-recourse. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

14. The Debtor shall pay to The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, NA, as Trustee for Ramp, Account No. xxxxxx9145, the allowed secured claim amount of $19,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $102.00 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 4711 11th Avenue South, St. Petersburg,

Florida. The Bank of New York shall retain its mortgage lien pursuant to that certain mortgage dated November 30, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14777, Page 1140. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

15. The Debtor shall surrender to The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, NA, as Trustee for Ramp 2006RS1 (First Mortgage) her interest in the property located at 5231 41st Street South, St. Petersburg, Florida in full satisfaction of The Bank of New York's claim.

16. The Debtor shall pay to GMAC Mortgage, LLC, as servicing agent for The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as Trustee, Account No. xxxxxx9143, the allowed secured claim amount of $47,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $252.31 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 4401 17th Avenue South, St. Petersburg, Florida. GMAC, LLC/The Bank of New York shall retain its mortgage lien pursuant to that certain mortgage dated November 22, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14793, Page 702. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

17. The Debtor shall pay to Central Mortgage Company, Account No. xxxxxx3414, the allowed secured claim amount of $52,000 together with interest at 5% per annum amortized

over a period of 30 years, in equal monthly installments of $279.15 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 4521 10th Avenue South, St. Petersburg, Florida. Central Mortgage shall retain its mortgage lien pursuant to that certain mortgage dated November 2, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14786, Page 2623.

Additionally, the Debtor shall pay to Central Mortgage no later than 30 days from the Confirmation Date the amount of $1,114.82 representing reimbursement of the amount paid by Central Mortgage to the Pinellas County Tax Collector for the 2009 taxes due upon the subject property. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property. To the extent that Central Mortgage claims an amount due for payment of amounts for providing post-petition insurance, the Debtor intends to object to such claim as the property has been insured post-petition by the Debtor. If it is determined that the Debtor owes Central Mortgage an amount relating to the providing of insurance upon the subject property post-petition, the Debtor shall pay the amount in an agreed upon time frame.

18. The Debtor shall pay to Homecomings Financial, LLC, as servicing agent for Deutsche Bank Trust Company Americas, as Trustee for the Rali 2005QS15, Account No. xxxxxx4860, the allowed secured claim amount of $145,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $778.39 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 12333 Ridgedale Drive, Hudson, Florida. Homecomings/Deutsche Bank shall retain

its mortgage lien pursuant to that certain mortgage dated July 29, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 6511, Pages 386. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

19. The Debtor shall surrender to Deutsche Bank National Trust Company her interest in the property located at 4650 24th Avenue South, St. Petersburg, Florida in full satisfaction of Deutsche Bank's claim.

20. The Debtor shall surrender to Deutsche Bank National Trust Company, as Trustee for American home Mortgage Assets Trust 2006-2 Mortgage-Backed Pass-Through Certificates, Series 2006-2 the property located at 410 Windward Passage, Clearwater, Florida in full satisfaction of Deutsche Bank's claim.

21. The Debtor shall pay to Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Dated April 1, 2006, Fremont Home Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2, Account No. xxxxxx9992, the allowed secured claim amount of $19,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $102.00 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 4511 10th Avenue South, St. Petersburg, Florida. Deutsche Bank shall retain its mortgage lien pursuant to that certain mortgage dated December 13, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14836, Page 1126. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

22. The Debtor shall pay to U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB5, Account No. xxxxxx2759, the allowed secured claim amount of $26,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $139.57 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 3037 21st Avenue South, St. Petersburg, Florida. U.S. Bank shall retain its mortgage lien pursuant to that certain mortgage dated December 9, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14836, Pages 907. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

23. The Debtor shall surrender to U.S. Bank National Association as Indenture Trustee for American Home Mortgage Investment Trust 2005-4, Mortgage-Backed Certificates, 2005-4 her interest in the property located at 4645 Yarmouth Avenue South, St. Petersburg, Florida in full satisfaction of U.S. Bank's claim.

24. The Debtor shall surrender to U.S. Bank National Association, as Trustee for the holders of Bear Stearns Asset-Backed Securities I Trust 2006-IM1 her interest in the property located at 7631 46th Way North, Pinellas Park, Florida in full satisfaction of U.S. Bank's claim.

25. The Debtor shall pay to U.S. Bank National Association as Indenture Trustee for American Home Mortgage Investment Trust 2005-4, Mortgage-Backed Certificates, 2005-4, Account No. xxxxxx7653, the allowed secured claim amount of $66,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $354.30 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon

payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 4684 25th Avenue South, St. Petersburg, Florida. U.S. Bank shall retain its mortgage lien pursuant to that certain mortgage dated September 16, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14642, Page 1473. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

26. The Debtor shall pay to U.S. Bank National Association as Indenture Trustee for American Home Mortgage Investment Trust 2005-4, Mortgage-Backed Certificates, 2005-4, Account No. xxxxxx7703, the allowed secured claim amount of $68,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $365.04 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 3726 1st Avenue North, St. Petersburg, Florida. U.S. Bank shall retain its mortgage lien pursuant to that certain mortgage dated September 16, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14642, Page 1343. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

27. The Debtor shall pay to U.S. Bank National Association as Indenture Trustee for American Home Mortgage Investment Trust 2005-4, Mortgage-Backed Certificates, 2005-4, Account No. xxxxxx7794, the allowed secured claim amount of $65,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $348.93 beginning August 25, 2010 and continuing on the 25th of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for

the property located at 4694 25th Avenue South, St. Petersburg, Florida. U.S. Bank shall retain its mortgage lien pursuant to that certain mortgage dated September 16, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14642, Pages 1678. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

28. The Debtor shall surrender to U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as successor by merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE4 her interest in the property located at 18837 Grand Club Drive, Hudson, Florida in full satisfaction of U.S. Bank's claim.

29. The Debtor shall pay to U.S. Bank National Association, as Trustee for the Holders of LXS 2006-16N, Account No. unknown[1], from monthly rent proceeds, equal monthly payments in the amount of $939.44 beginning August 25, 2010 and continuing on the 25th of each month thereafter for the property located at 14205 Leybourne Way, Spring Hill, Florida. The payment amount represents the determined value of the property of $175,000 together with interest at 5% per annum amortized over a period of 30 years. The payments by the Debtor are limited to 360. U.S. Bank shall retain its mortgage lien pursuant to that certain mortgage dated June 30, 2006 and recorded in the Public Records of Hernando County, Florida at O.R. Book 2288, Page 1055. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

30. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx9139, the allowed secured claim amount of $65,000 together with interest at 5% per annum amortized over

---

[1] The Debtor is a co-owner of the Property and a party to the Mortgage The Note subject of the Mortgage is in only the name of the co-owner of the Property. The Debtor is not a party to the Note so the account number is unknown.

a period of 30 years, in equal monthly installments of $348.93 beginning September 1, 2010 and continuing on the 1st of each month thereafter for 360 months for the property located at 4728 1st Avenue South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated October 20, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14748, Page 470. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

31. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx0628, the allowed secured claim amount of $27,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $144.94 beginning September 1, 2010 and continuing on the 1st of each month thereafter for 360 months for the property located at 1931 44th Street South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated September 29, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14659, Page 6. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

32. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx0540, the allowed secured claim amount of $20,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $107.36 beginning September 1, 2010 and

continuing on the 1st of each month thereafter for 360 months for the property located at 2356 38th Street South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated September 29, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14658, Page 2636. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

33. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx2398, the allowed secured claim amount of $25,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $134.21 beginning September 1, 2010 and continuing on the 1st of each month thereafter for 360 months for the property located at 3944 14th Avenue South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated October 14, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14761, Page 1704. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

34. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx9299, the allowed secured claim amount of $50,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $268.41 beginning September 1, 2010 and continuing on the 1st of each month thereafter for 360 months for the property located at 3761

21st Avenue South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated October 20, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14748, Page 362. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

35. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx9043, the allowed secured claim amount of $75,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $402.62 beginning September 1, 2010 and continuing on the 1st of each month thereafter for 360 months for the property located at 3485 17th Avenue South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated October 20, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14748, Page 281. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

36. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx4824, the allowed secured claim amount of $23,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $123.47 beginning September 1, 2010 and continuing on the 1st of each month thereafter for 360 months for the property located at 2401 18th Street South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor

choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated September 29, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14659, Page 35. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

37. The Debtor shall pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc., Account No. xxxxxx3843, the allowed secured claim amount of $24,000 together with interest at 5% per annum amortized over a period of 30 years, in equal monthly installments of $128.84 beginning September 1, 2010 and continuing on the 1st of each month thereafter for 360 months for the property located at 925 17th Avenue South, St. Petersburg, Florida. There shall be no pre-payment penalty should Debtor choose to pay any remaining balance prior to the expiration of the 30 year payment period. BAC shall retain its mortgage lien pursuant to that certain mortgage dated September 29, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14658, Page 2666. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

38. The second mortgage lien of Bank of America, Account No. xxxxxx4699, pursuant to that certain mortgage dated October 5, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14692, Page 1599, upon the property located at 319 Midway Island, Clearwater, Florida is hereby deemed void, and shall be extinguished automatically, without further court order, upon entry of the Debtor's discharge.

39. The second mortgage lien of EMC Mortgage Corporation, Account No. xxxxxx2042, pursuant to that certain mortgage dated July 29, 2005 and recorded in the Public

Records of Pasco County, Florida at O.R. Book 6511, Page 401, upon the property located at 12333 Ridgedale Drive, Hudson, Florida is hereby deemed void, and shall be extinguished automatically, without further court order, upon entry of the Debtor's discharge.

40. The Debtor shall pay to Wells Fargo Bank, N.A., successor by mergber to Wells Fargo Bank Southwest, N.A. f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB, Account No. xxxxxx0521, the allowed secured claim amount of $165,000 together with interest at 5.25% per annum amortized over a period of 30 years, in equal monthly installments of $911.14 beginning August 1, 2010 and continuing on the 1st of each month thereafter, with a balloon payment of any remaining balance due at the end of five years from the Confirmation Date, for the property located at 4909 Larkenheath Drive, Spring Hill, Florida. Wells Fargo Bank shall retain its mortgage lien pursuant to that certain mortgage dated December 30, 2005 and recorded in the Public Records of Hernando County, Florida at O.R. Book 2182, Page 1. The Debtor shall be responsible for payment of the real estate taxes for all upcoming years and shall maintain proper insurance upon the property.

41. The Debtor shall surrender to EMC Mortgage Corporation, as Servicing Agent for Citibank, N.A., as Trustee for Certificate Holders of Bear Sterns Asset Backed Securities I LLC, Mortgage-Backed Certificates, Series 2006-5 (Second Mortgage) her interest in the property located at 5231 41st Street South, St. Petersburg, Florida in full satisfaction of EMC/Citibank's claim.

42. The second mortgage lien of GMAC Mortgage LLC, Account No. xxxxxx9144, pursuant to that certain mortgage dated November 22, 2005 and recorded in the Public Records of Pinellas County, Florida at O.R. Book 14793, Page 726, upon the property located at 4401 17th Avenue South, St. Petersburg, Florida is hereby deemed void, and shall be extinguished

automatically, without further court order, upon entry of the Debtor's discharge.

43. Holders of allowed General Unsecured Claims shall receive a pro rata distribution from the total amount of $39,256.86 as full satisfaction of their claims. The payments shall be equal monthly amounts in the aggregate amount of $934.69 distributed pro rata to all claimants with an allowed General Unsecured Claim and shall commence on the first day of month 19 following the Confirmation Date and the first day of the subsequent 41 months.

44. The Effective Date shall be the date 14 calendar days following the date upon which this Confirmation Order is signed by this Court and duly entered on the docket for this bankruptcy case by the Clerk of the Bankruptcy Court.

45. The Debtor and all other parties-in-interest are hereby authorized and directed to take all such actions as may be necessary to effectuate and implement the Plan and this Confirmation Order, including, without limitation, the execution and delivery of all loan documents, security agreements, and other documents or agreements (and any amendments, supplements or modifications to any of the foregoing) as may be appropriate or necessary to consummate the transactions contemplated by the Plan and this Confirmation Order.

46. On the Effective Date, the sole and exclusive right and remedy available to Creditors in respect of their Claims against the Debtor shall be the entitlement in accordance with the Plan. The entry of this Confirmation Order and the Distributions contemplated by the Plan will act as full and complete settlement of all Claims, Debts, Liabilities, and/or interests arising from, relating to or in connection with Claims against the Debtor.

47. The Plan and its provisions shall be and hereby are binding upon the Debtor, the Debtor's Estate and all Creditors of the Debtor (whether or not the Claim of such Creditors is impaired under the Plan and whether or not such Creditors have accepted the Plan), all parties to

any executory contract or unexpired lease of the Debtor, all other parties in interest, and the respective successors and assigns of each of the foregoing.

48. Other than as provided for in the Plan, any executory contract or unexpired lease that has not been expressly rejected or assumed by the Debtor with this Court's approval on or prior to the Effective Date shall be deemed rejected by the Debtor, unless there is pending before this Court on the Effective Date a motion to assume such executory contract or unexpired lease as contemplated in the Plan. Any such rejections will be deemed to have occurred as of the date of the entry of this Confirmation Order, and this Confirmation Order shall constitute an order of this Court approving the rejection of each such executory contract and unexpired lease, pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code. The rights of parties to such contracts are hereby extinguished, except as expressly provided in this Confirmation Order and the Plan.

49. All settlements, agreements and compromises provided for under the Plan, and all transactions, Plan Documents, instruments, and other agreements referred to therein, contemplated thereunder, or executed and delivered therewith, and any amendments or modifications thereto in substantial conformity therewith, are hereby approved, and the Debtor and the other parties thereto are authorized and directed to perform thereunder according to their respective terms.

50. The Debtor shall pay the United States Trustee any outstanding sums required pursuant to 28 U.S.C. § 1930(a)(6) for the periods prior to the Confirmation Date as provided in the Plan. On and after the Effective Date, the Debtor shall pay the United States Trustee the appropriate sums required pursuant to 28 U.S.C. § 1930(a)(6) for post-Effective Date periods within the time period set forth in 28 U.S.C. § 1930(a)(6).

51. The findings of fact and conclusions of law set forth herein constitute this

Court's findings of fact and conclusions of law pursuant to Rule 7052 Fed.R.Bankr.P., as made applicable to this proceeding pursuant to Rule 9014 Fed.R.Bankr.P. The findings of fact set forth above in this Confirmation Order shall be, and the same hereby are, ratified and adopted as findings of this Court and are incorporated herein. To the extent any of the findings of fact set forth above are deemed to be conclusions of law, such findings of fact are hereby adopted as conclusions of law. To the extent any of the following conclusions of law are deemed to be findings of fact, such conclusions of law are hereby adopted as findings of fact.

52. Except as otherwise provided herein, the Plan and each of its provisions is confirmed, approved, and effective in its entirety, and is valid and enforceable in accordance with its terms. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan. The provisions of the Plan and this Confirmation Order are non-severable and mutually dependant. To the extent of any inconsistency between the terms of the Plan and this Confirmation Order, the terms of the Confirmation Order shall govern.

53. Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, until this case is closed this Court shall retain the fullest and most extensive jurisdiction over this bankruptcy case (and all corresponding adversary proceedings) that is permitted under applicable law, including that necessary to ensure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, after Confirmation of the Plan and until this case is closed, this Court shall retain jurisdiction to enforce the transactions contemplated under the Plan, and for all other purposes set forth in the Plan.

54. Pursuant to Section 3.1 of the Plan, all objections to claims shall be filed with the

Bankruptcy Court on or before the date 90 days following the Confirmation Date, unless such period is extended by the Bankruptcy Court upon motion of the Debtor.

55. Upon the filing of a Certificate of Substantial Consummation by the Debtor, she shall also seek a Final Decree. Upon completion of all payments under the plan[2] and upon filing by the Debtor of a certificate of completion of an instructional course concerning personal financial management, the Debtor may file a Motion to Reopen Case for the limited purpose of seeking entry of a Discharge of Debtor.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on August 24, 2010.

Michael G. Williamson
United States Bankruptcy Judge

Copies to be provided by CM/ECF.

[2] "all payments under the plan" does not include mortgage payments paid or to be paid by the Debtor to any person or entity pursuant to the Plan and/or this Order.